```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
SHEILA CROCKETT,

                        Plaintiff,           06-CV-6641T

          v.                                  **DECISION**
                                                    **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                        Defendant.
_____

## **INTRODUCTION**

Plaintiff Sheila Crockett ("Crockett") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied her application for disability benefits.[1] Specifically, Crockett alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Crockett opposes the defendant's motion.

---

[1] This case (formerly civil case 04-CV-0765-E(Sr)) was transferred to the Honorable David G. Larimer, United States District Court for the Western District of New York by Order dated December 22, 2006, and then to the undersigned by Order dated January 4, 2007.

**BACKGROUND**

On July 1, 2002, plaintiff Sheila Crockett, at the time a 52 year old teacher, applied for Social Security disability benefits claiming that she had become unable to work as of December 19, 2000, due to fatigue, headaches, Raynaud's sleep apnea, and muscle enzyme deficiency. Crockett's application for benefits was denied, as was her request for reconsideration. Thereafter, plaintiff, represented by an attorney, requested an administrative hearing which was held on May 13, 2004 before ALJ Edward T. Morriss. By decision dated June 10, 2004, the ALJ denied plaintiff's application. Thereafter, Crockett's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on September 21, 2004, plaintiff filed this action.

**DISCUSSION**

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the

court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monquer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II. <u>The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991).  Specifically, the ALJ found that while plaintiff suffered from fatigue, headaches, Raynaud's sleep apnea, and muscle enzyme deficiency, those conditions did not rise to the level of an impairment under the Social Security Regulations.  The ALJ found that the plaintiff's taking of prescribed medication mitigated her headaches and that her nasal surgery improved her breathing and sleep.  The ALJ recognized that the plaintiff needed to avoid working in a cold environment and had mild to moderate limitations in concentration and attention due to pain and fatigue.

In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled.  <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff's impairments were

severe conditions; that plaintiff's fatigue, headaches, Raynaud's sleep apnea, and muscle enzyme deficiency–either alone or in combination with her other impairments–did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff could no longer perform the functions of her previous employment; and that plaintiff retained the functional residual capacity to perform jobs that exist in significant numbers in the national economy. In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998). The ALJ may not arbitrarily substitute [his] own judgment for the treating physician's competent medical opinion. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). The "treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir.

2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the ALJ must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. (*Id.*). The ALJ must also set forth his reasons for the weight assigned to the treating physician's opinion. (*Id.*).

The record reveals that Dr. McGorray's opinion that plaintiff suffered a long term disability was inconsistent with the objective findings and other evidence in the record. The record is replete with evidence that the plaintiff's conditions were either within normal limits or generally improved when the plaintiff followed physician prescribed treatments. The ALJ correctly found based upon the opinions of Dr. Rabadi, Dr. Reddy, Dr. Rendt, Dr. Ambrus, and Dr. Cowan that the plaintiff's claimed symptoms were inconsistent with examination results. Dr. Rabadi opined that plaintiff had good aeration of the lungs, high saturation levels, and mild to moderate sleep apnea. (Tr. 172, 177) Moreover,

Dr. Reddy opined there was no radiological evidence of fractures, subluxation or destructive bony process, and there was normal bone density. (Tr. 166). Drs. Reddy and Cowan opined plaintiff had a normal gait, normal power in the extremities, and walked without difficulty. (Tr. 124-25, 163). The plaintiff admitted in her testimony and it was noted by Drs. Rendt, Rabadi, McGorray and Cowan that she had difficulty with the physician's recommended use of the sleep apnea apparatus and did not always comply with the recommendation to use the apparatus prior to her nasal surgery. (Tr. 123, 131-32, 152, 154-55). Dr. Ambrus noted that plaintiff's sleep apnea responded well to the apparatus after nasal surgery. (Tr. 302). The plaintiff also testified that she ably performed the activities of normal daily living and exercised regularly. (Tr. 76-78, 125, 247, 388, 399). Plaintiff retained the ability to lift and/or carry ten pounds frequently and twenty pounds occasionally, sit for six hours in an eight-hour workday, stand and/or walk for about six hours in an eight-hour workday, and push and pull as much as she can lift. (Tr. 61). Dr. McGorray was the only physician to opine that the plaintiff was totally and permanently disabled. (Tr. 132, 247). Due to the substantial objective medical evidence in the record to the contrary, Dr. McGorray's opinion was appropriately given little weight.

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the

relevant period, and therefore, the Commissioner's decision is affirmed.

## **Conclusion**

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant. Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                         s/Michael A. Telesca
                                            MICHAEL A. TELESCA
                                   United States District Judge

Dated:   Rochester, New York
         January 8, 2007